# First National Bank of Blairsville, Appt., v. First National Bank of Greensburg et al.

An assignment of error which specifies the dismissal of several exceptions to an auditor's report, each exception raising a different question of law, is a violation of the requirements of Rule XXII. of the supreme court—that each error must be specified particularly and by itself.

(Argued October 8, 1886.  Decided November 15, 1886.)

October Term, 1886, No. 229, W. D., before GORDON, PAXSON, TRUNKEY, STERRETT, GTEEN, and CLARK, JJ.  Certiorari sur appeal from a decree of the Common Pleas of Westmoreland County confirming the report of the auditor to distribute the fund in the hands of an assignee for the benefit of creditors. Affirmed.

The facts and proceedings which gave rise to this appeal are set forth in Gallagher's Appeal, 114 Pa. 353, 5 Cent. Rep. 725, 60 Am. Rep. 350, 7 Atl. 237.

The assignments of error were as follows:

"First. The court erred in confirming the report of the auditor.

"Second. The court erred in refusing to decree a distribution

---

NOTE.—The other question raised on this appeal was decided in Gallagher's Appeal, 114 Pa. 353, 5 Cent. Rep. 725, 60 Am. Rep. 350, 7 Atl. 237.

of the individual estate of George Gallagher to and among his bona fide individual creditors.

"Third. The court erred in dismissing the exceptions filed by appellant to the auditor's report, which exceptions are as follows:

" '1. The auditor erred in not allowing the two judgments of the Blairsville Bank, to wit, Nos. 339 and 340 of May term, 1885, in full.

" '2. The auditor erred in allowing the firm debts of T. & G. Gallagher, for which George Gallagher had confessed judgments on the eve of his assignment, to participate *pro rata* with the individual debts of George Gallagher in the fund produced by the sale of his individual property.

" '3. The auditor erred in holding that he had no power to exclude from the distribution the firm debts of T. & G. Gallagher, because George Gallagher had confessed judgments to secure them.

" '4. The right of such judgments to participate in this fund is a plain question of distribution, and should have been decided by the auditor one way or the other. His powers were ample.' "

Rule XXII of the supreme court is as follows:

"Each error relied on must be specified particularly, and by itself. If any specification embrace more than one point, or refer to more than one bill of exceptions, or raise more than one distinct question, it shall be considered a waiver of all the errors so alleged."

*Moorehead & Head* for appellant.

*McAfee, Atkinson & Peoples* for appellees.

OPINION BY MR. JUSTICE PAXSON:

This case is disposed by what was said in Gallagher's Appeal, 114 Pa. 353, 5 Cent. Rep. 725, 60 Am. Rep. 350, 7 Atl. 237. The second assignment of error raises the only important question, and that was fully discussed in this case referred to. The third assignment is not in conformity to the rules of court.

Decree affirmed and the appeal dismissed, at the costs of the appellant.